# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2017-0023 |
| ) | |
| AESHA RIVERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Attorneys:**
**Daniel H. Huston, Esq.**
**Alphonso G. Andrews, Jr., Esq.**
St. Croix, U.S.V.I.
  *For the Government*

**Gabriel J. Villegas, Esq.**
St. Thomas, U.S.V.I.
  *For Defendant Aesha Rivers*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THE MATTER is presently before the Court on Defendant Aesha Rivers' "Expedited Motion for Release from Custody" (Dkt. No. 115), filed on March 30, 2020, in which Defendant requests that the Court modify her sentence of imprisonment and order her release from custody in light of the heightened risk posed by COVID-19 in detention facilities. *Id.* at 1-2. The Government filed an "Opposition to Expedited Motion for Release from Custody" (Dkt. No. 116), and Defendant filed a "Reply" (Dkt. No. 117). For the reasons discussed below, Defendant's Motion will be denied.

### I.   BACKGROUND

On May 2, 2019, Defendant Aesha Rivers ("Defendant") was convicted by a jury of 48 counts of Wire Fraud, one count of Theft of Government Money, and one count of Making a False Statement to the Government. The charges arose from Defendant's receipt of funds for an Overseas

Housing Allowance ("OHA") while a member of the Virgin Islands National Guard ("VING") between May 31, 2012 and June 30, 2015. (Dkt. Nos. 78; 106 at 1).

On January 10, 2020, District Judge Anne Thompson sentenced Defendant to one year and one day imprisonment for the various wire fraud convictions, as well as concurrent terms for the Theft of Government Property and False Information charges. (Dkt. No. 106 at 2). Defendant also was sentenced to 3 years supervised released and ordered to pay the VING over $70,000 in restitution. *Id.* at 4-7. She began her prison term at FPC Alderson in West Virginia on January 31, 2020. (Dkt. No. 115 at 2).

On March 30, 2020, Defendant filed the instant "Expedited Motion for Release from Custody" asking that the Court order her immediate release from FPC Alderson in West Virginia due to the National Emergency relating to the COVID-19 pandemic. (Dkt. No. 115 at 1-2). Defendant generally details the risks of COVID-19, *id.* at 2-6, and asserts that prison populations are at high-risk for exposure to COVID-19 while incarcerated due to the nature of the facilities and the general inadequacy of the protocols of the Bureau of Prisons (BOP). *Id.* at 6-10.

The Government opposes Defendant's motion arguing that the Court has extremely limited statutory authority to change a sentence once it is imposed and that Rivers has failed to exhaust administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 116 at 2). The Government also notes that the BOP has taken significant steps to limit movement of prisoners and to otherwise mitigate the risk of transmission of COVID-19 within BOP facilities. *Id.* at 3-5. Finally, the Government asserts that Defendant has failed to claim that there are any current cases of the coronavirus in her facility or that she has any physical conditions that puts her at greater risk of contracting COVID-19. *Id.* at 6.

In her Reply, Defendant argues that the Court has authority to order her release under 18 U.S.C. § 3582(c)(1)(A)(i) because the COVID-19 pandemic constitutes "extraordinary and compelling reasons" under that statute. (Dkt. No. 117 at 1-2). Defendant states that she sent her request for compassionate release to the Warden at FPC Alderson on March 31, 2020, but argues that the 30-day delay is "prejudicial" in light of the exponential growth of the pandemic. *Id.* at 5. Citing a Second Circuit case relating to the Prison Litigation Reform Act, Defendant claims that this Court has the authority to waive the exhaustion requirement and rule on her motion. *Id* at 6-7.

## II. DISCUSSION

Once a federally-imposed sentence commences, a district court has limited authority to modify that sentence. One such authority is found in the First Step Act, which allows a defendant to be afforded compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). This statute provides, in relevant part:

> (c) Modification of an imposed term of imprisonment.--The court may *not* modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c) (emphasis added).

Defendant acknowledges that she has not exhausted her administrative remedies as required by the statute. In this regard, she states that she submitted a request for early release to the Warden at Alderson on March 31, 2020. In the absence of a motion by the Director of the

3

Bureau of Prisons or the expiration of thirty days, the prerequisites of the statute have not been met for this matter to be addressed by the Court. Nor is the Court permitted, as Defendant suggests, to waive the exhaustion requirement.[1]

This precise issue was addressed by the Third Circuit in an opinion issued on April 2, 2020. In *United States v. Raia*, Case No. 20-1033 (3d Cir. April 2, 2020), the Government had appealed the sentence imposed by the district court following Defendant's conviction for unlawful election campaign activity (bribery). *Id.* at 3. Shortly after commencing his sentence, Defendant filed a motion for immediate release in the district court due to the COVID-19 virus. However, the district court refused to address the motion, citing its lack of jurisdiction as a result of the appeal. Defendant then requested that the Third Circuit address the motion or remand the case to permit the district court to rule on his request for release. *Id.* at 4-5. The Court declined, noting, inter alia, that Raia—who was 68-years-old and suffered from Parkinson's Disease and diabetes—had failed to exhaust his remedies with the BOP under 18 U.S.C. § 3582(c)(1)(A). Notwithstanding the Defendant's medical issues, the Third Circuit found that the exhaustion requirement under the statute presented "a glaring roadblock foreclosing compassionate release at [that] point." *Id.* at 7.

While the Court acknowledges the very real danger posed by the COVID-19 pandemic, the Court is limited by the existing statutory authority and binding Third Circuit precedent in the relief

---

[1] Defendant relies on *Hemphill v. New York*, 380 F.2d 680, 686 (2d Cir. 2004) (permitting waiver of exhaustion of administrative remedies if they were not available to the prisoner; when the government has forfeited the affirmative defense; or when the government's own actions inhibited the prisoner's ability to exhaust). *Hemphill*, however, was abrogated almost completely by *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language in PLRA "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account.") *See Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (noting *Hemphill* analysis was largely abrogated by the *Ross* decision).

that it may grant. *See United States v. Raia*, Case No. 20-1033 (3d Cir. April 2, 2020). Accordingly, Defendant's Expedited Motion for Release from Custody will be denied without prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date: April 6, 2020                          _____/s/_____
                                                          WILMA A. LEWIS
                                                          Chief Judge